**MARLAND CORPORATION v. SUGARLOAF KEY, Inc., et al.**
**No. 13511.**

Circuit Court, Monroe County.

March 8, 1956.

John F. Allison, Miami, and W. Curry Harris, Key West, for plaintiff.

Warren Wepman and Herman Wepman, both of Miami, for defendants.

AQUILINO LOPEZ, Jr., Circuit Judge.

This cause came on to be heard upon plaintiff's complaint and amendment to the complaint, the defendants' answer and counterclaim therein contained, and the testimony taken before the court, thereupon the court finds as follows—

Under date of July 20, 1950, Sugarloaf Key, Inc. made, executed and delivered to Raybrell, Inc. its promissory note in the principal sum of $20,827.40 payable in annual payments of $2,000 each on the 20th day of July of each year, such payments included interest at 5% per annum. The note also contained a provision that the note and deferred interest payments should bear interest at the rate of 8% per annum from maturity until paid. A copy of the note is attached to the complaint as plaintiff's exhibit A. It was secured by a lien of a mortgage deed attached to the complaint as plaintiff's exhibit B. The original of said promissory note and mortgage deed were duly filed in evidence.

The evidence shows that on the 29th day of June, 1951, the promissory note and mortgage deed mentioned were assigned by Raybrell, Inc. to Caribbean Realty Company, a Florida corporation. It would appear that the payment of $2,000 due on July 20, 1951 was in fact paid to Caribbean Realty Company on July 30, 1951 within the period of grace allowed by the mortgage. Subsequently, on the 12th day of September, 1951, the promissory note and mortgage deed were assigned to Marland Corporation, plaintiff herein.

The evidence also shows that Sugarloaf Key, Inc. subsequent to the execution of the mortgage deed mentioned, conveyed the equity of redemption in and to the land encumbered by said mortgage deed to the defendants herein.

Under date of November 12, 1951, the attorney for plaintiff corporation attempted to declare a maturity of the balance remaining unpaid upon the principal of said promissory note and thus accelerate the interest upon the unpaid balance from 5% to 8% per annum effective as of October 15, 1951.

It would serve no useful purpose to make further findings of fact herein other than to state that in the opinion of the court, the evidence does not provide grounds for acceleration of the mortgage deed within the provisions of the covenants of said mortgage numbers 1 to 7 inclusive. On the other hand, it does not disclose any legal or equitable reason why the defendants should be excused from paying interest on the unpaid instalments of $2,000 as maturing respectively July 20, 1952, July 20, 1953, July 20, 1954 and July 20, 1955.

Therefore in consideration of the above and in seeking to do equity to both parties plaintiff and defendant, and the court being fully advised in the premises, it is ordered, adjudged and decreed as follows—

1. That the complaint of plaintiff as amended and the counterclaim of the defendants as contained within their answer be and the same are hereby dismissed and each party shall bear the costs of court by him incurred; provided, that within ten days of the date of this decree, the defendants herein do pay to John F. Allison, plaintiff's attorney, the instalments of $2,000 due respectively on July 20, 1952, July 20, 1953, July 20, 1954 and July 20, 1955 together with interest at the rate of 5% from the respective due dates thereof to the date of payment.

2. That in the event the defendants fail to make the payments as specified within the time limitation as set forth in paragraph no. 1 of this decree, this cause shall remain in good standing but

the counterclaim of the defendants as contained within their answer shall stand forthwith dismissed.

3. That there is then due to the plaintiff the following sums of money—

    (a) Unpaid balance of principal of
        promissory note as of July 20, 1951_____$19,868.77

    (b) Interest thereon at the rate of 5% per annum
        from July 20, 1951 to July 20, 1952 _____   993.44

    (c) Interest thereon at the rate of 8% per
        annum on the balance of $19,868.77 from
        July 20, 1952 to date _____   5,761.93

    (d) Attorney's fee _____   1,400.00

4. That the defendants pay to the plaintiff within fifteen days from the date of this decree the amount hereinbefore recited together with interest thereon from date until paid together with all costs of this suit to be taxed by the clerk including sheriff's fees, cost of publication, clerk's fees for making sale and any and all costs of these proceedings.

5. A lien is held by the plaintiff, Marland Corporation, a Delaware corporation, for the total sum specified in the preceding paragraphs nos. 3 and 4 superior in dignity to any right, title, interest or claim of the defendants or either of them, upon the mortgaged property herein foreclosed, situate in Monroe County, Florida, described as— [legal description of property].

6. If the aforesaid total sum due to the plaintiff, Marland Corporation, plus interest on the aforesaid unpaid principal at the rate prescribed in that note and mortgage from and after the date of this decree and all costs of this proceeding incurred subsequent to the date of this decree, are not forthwith paid, the clerk of this court shall sell that property at public sale, within the legal hours of sale, on the 6th day of April, 1955, to the highest and best bidder or bidders, for cash, at the front door of the Monroe County Courthouse, in the City of Key West, Florida, after having first given notice as required by section 702.02, Florida Statutes.

7. Plaintiff shall advance the cost of publishing the notice of sale and the clerk's fee ($5) for making the sale, and shall be reimbursed therefor by the clerk out of the proceeds of the sale if the plaintiff, Maryland Corporation, shall not become the purchaser of the property at the sale.

8. The plaintiff, Marland Corporation, may be the bidder for and the purchaser of the property at the sale. If the plaintiff shall be the purchaser at the sale, the clerk shall credit on the bid of the plaintiff the total sum herein found to be due to the plaintiff, or such portion thereof as may be necessary to pay fully the bid of the plaintiff; except that the sums mentioned in paragraph 9 (a) of this decree must be paid in cash.

9. After the confirmation of that sale, whether confirmation be by clerk filing the certificate of title or by order of this court ruling upon objections to that sale, the clerk shall make distribution of the proceeds of that sale by paying—

(a) All costs and expenses of these proceedings subsequent to the entry of this final decree, including the cost of publishing the notice of sale and the clerk's fee ($5) for making the sale (unless the plaintiff, already having paid for those two items of costs, shall be the purchaser at the sale), the cost of the federal and the state documentary tax stamps affixed to the certificate of title (based upon the amount bid for the property, plus costs if paid by the purchaser), and the fee of $1,400 hereinabove allowed to the attorney for the plaintiff.

(b) The total sum herein found to be due to the plaintiff, Marland Corporation, less the attorney's fee mentioned in paragraph 9 (a) hereof, plus interest on the unpaid principal specified in paragraph 2 hereof at the rate prescribed in the note and mortgage from the date of this decree to the date of the sale.

10. If the total amount realized on the sale exceeds the total of the sums ordered to be paid by paragraph 9 of this decree, the clerk shall disburse the surplus as this court shall hereafter direct; and if the total amount realized shall not be sufficient to pay all of those sums, the clerk shall pay first those specified in paragraph 9 (a) and shall pay the balance to the plaintiff.

11. Upon the confirmation of the sale, whether by the clerk filing the certificate of title herein or by order of the court ruling upon objections to the sale, the defendants and any and all persons claiming by, through or under the defendants, or either of them, since the date of the filing of this suit, are forever barred and foreclosed of and from all right, title, interest, claim or demand of any kind or nature whatsoever in and to the property herein described, and the purchaser or purchasers at the sale, his or its representatives or assigns, shall be let into possession of that property.